**Harry J. PERKINS, Jr. and Blyonda Ann Perkins, Plaintiffs–Appellants,**

v.

**TIME INSURANCE COMPANY and Randall Davis, Defendants–Appellees.**

No. 89–4250.

United States Court of Appeals, Fifth Circuit.

April 18, 1990.

Lawrence E. Abernathy, III, Laurel, Miss., for plaintiffs-appellants.

John E. Hughes, III and Thomas M. Milam, Wells, Wells, Marble & Hurst, Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, and POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Harry J. Perkins, Jr. and Blyonda Ann Perkins appeal an adverse summary judgment dismissing their claims against Time Insurance Company (Time) and its agent, Randall Davis, on the grounds that their state law claims were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* We affirm the dismissal as to Time, but vacate and remand as to Davis.

### Background

Harry Perkins was the general office manager and part owner of Modern Petroleum Technology (MPT) which, upon its formation in 1982, sought to provide medical and death benefits to its employees and, at their option and expense, their dependents. Davis, an independent agent, solicited MPT's participation in a group insurance plan offered by Time. Perkins, whose minor daughter had esotropia and mystagmus, cogenital eye defects that cause crossing and quick, jerky movements of the eyes, informed Davis that his daughter would be requiring corrective surgery and inquired whether such would be covered under the terms of the proposed Time policy. Perkins asserts that Davis assured him in the presence of other MPT employees that his daughter's condition would be covered under the Time policy because it would be considered a congenital defect rather than an excluded preexisting condition. On the basis of these representations Perkins claims that he terminated his existing insurance coverage, which had provided protection for his daughter's condition, and elected to participate in the Time policy, which MPT then adopted as its employee welfare benefits plan. Perkins proceeded with his daughter's eye surgery. His claim for benefits, however, was denied by Time on the grounds that the eye problem was a preexisting condition excluded from the plan's coverage.

Perkins sued Time and Davis in Mississippi state court for tortious breach of contract, seeking compensatory and punitive damages. The case was removed to federal court with defendants claiming that the MPT employee benefit plan was regulated by ERISA. Time and Davis then sought summary judgment or, alternatively, a Fed. R.Civ.P. 12(b)(6) dismissal. Both sides submitted affidavits in support of their position. In his opposition to the motions for summary judgment or dismissal Perkins sought leave to amend his complaint to plead fraud in the inducement.

The district court granted Time's motion for summary judgment, holding that ERISA preempted Perkins' state law claim for tortious breach of contract. While noting that the Mississippi Supreme Court has held agents personally liable for fraudulent solicitation, the district court granted Davis's motion for summary judgment because Perkins' complaint did not raise fraud as a basis for recovery. Finally, the court granted Davis's motion to dismiss on the grounds that even if Time had breached its contract with Perkins, Davis, as the agent for a disclosed principal, could not be held liable for that breach. Perkins timely appealed.

### Analysis

While conceding at oral argument that the MPT plan was governed by ERISA, Perkins contends that the district court erred in holding that ERISA preempts his state law claims against Time and Davis. Although his complaint alleged a claim for tortious breach of contract, on appeal Perkins seeks to shift the focus of his complaint to Mississippi statutes regulating the sale and solicitation of insurance. In particular, Perkins points to Mississippi's "twisting statute," legislation which deems

it an unfair and deceptive insurance practice to misrepresent the terms of an insurance policy "for the purpose of inducing or tending to induce [a] policyholder to lapse, forfeit, or surrender his insurance." Miss. Code Ann. § 83–5–35(a). Perkins contends that as a state law regulating the business of insurance, this provision is saved from preemption by ERISA's "insurance savings" clause and may provide the basis for his cause of action against both Davis, the agent, and Time, his disclosed principal.

■ It cannot be gainsaid that Perkins' claims against Time "relate to" an employee benefits plan and thus fall within the scope of ERISA's preemption clause. 29 U.S.C. § 1144(a). The only issue requiring resolution is whether Perkins' claim against Time is based on a law "which regulates insurance," and is thereby excused from preemption. 29 U.S.C. § 1144(b)(2)(A).

In *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that Mississippi's common law bad faith cause of action was not saved from preemption because, "even if associated with the insurance industry, [it] has developed from general principles of tort and contract law available in any Mississippi breach of contract case." *Pilot Life*, 481 U.S. at 51, 107 S.Ct. at 1555. Perkins' complaint, which alleged tortious breach of contract as its sole cause of action, clearly mirrors that which *Pilot Life* has held to be preempted under ERISA.

Were we to accept Perkins' attempt to recharacterize his cause of action on appeal to one based on the Mississippi "twisting statute," that still would not provide Perkins with surcease as to his claim against Time. Addressing the nature of Mississippi's laws regulating unfair competition in the insurance industry, the Mississippi Supreme Court has held that the twisting statute does not create a cause of action for damages caused by the activity it proscribes; rather, any such cause of action arises only under the common law. *Protective Service Life Ins. Co. v. Carter*, 445 So.2d 215 (Miss.1983). Any claim Perkins may assert against Time on the basis of Davis's representations, therefore, arises out of concepts not uniquely addressed to the business of insurance and thus is preempted by ERISA. *Pilot Life*. Cf. *Ramirez v. Inter–Continental Hotels*, 890 F.2d 760 (5th Cir.1989) (ERISA preempts state statutes that provide a private right of action for improper handling of insurance claims under an employee benefits plan). Accordingly, we affirm the district court's decision to dismiss with prejudice Perkins' claims against Time.

■ While ERISA clearly preempts Perkins' claims as they relate to Time, the same cannot necessarily be said, however, as regards Davis's solicitation of Perkins, which allegedly induced him to forfeit an insurance policy that covered his daughter's condition for one that did not. While ERISA clearly preempts claims of bad faith as against insurance companies for improper processing of a claim for benefits under an employee benefit plan, *Pilot Life*, and while ERISA plans cannot be modified by oral representations, *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir.1989), we are not persuaded that this logic should extend to immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation. Giving the ERISA "relates to" preemption standard its common-sense meaning, *Pilot Life; Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), we conclude that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, "relates to" that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1470 (5th Cir.1986), *cert. denied*,

479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987). *See Perry v. P\*I\*E Nationwide, Inc.,* 872 F.2d 157 (6th Cir.1989), *cert. denied,* ——— U.S. ———, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990) (state claims alleging fraudulent inducement to participate in an ERISA plan are not preempted by ERISA.)

 Under Mississippi law, an agent for a disclosed principal may be held liable personally where it can be shown that the agent engaged in fraud or similar conduct. *T.C.L., Inc. v. LaCoste,* 431 So.2d 918, 922 (Miss.1983); *McCarty v. Love,* 145 Miss. 330, 110 So. 795 (1927). Affidavits offered by both Perkins and Davis indicate that a factual issue exists as to what Davis told Perkins in the course of soliciting his participation in the Time plan, whether Perkins acted on the representations, and whether these representations and the circumstances under which they were made may be said to rise to the level of fraudulent inducement. While Perkins requested permission to amend his complaint in order to raise this claim his request was implicitly denied when the district court granted Davis's alternative motions for summary judgment and dismissal. We conclude that Perkins should have been afforded the opportunity to amend his complaint. Fed.R. Civ.P. 15(a). We express no opinion as to any claim he might then raise. Accordingly, we return this case to the district court so that Perkins may amend his complaint. As no basis for federal jurisdiction remains, we direct that Perkins' amended complaint be remanded to state court for such further proceedings as that court may deem appropriate.[1]

The decision of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further disposition consistent herewith.

---

**1.** In so holding, we emphasize that Davis's liability, if any, is personal and under ERISA may not be imputed to Time.