Josephine Barkley SMITH, Plaintiff,

v.

ARKANSAS BLUE CROSS AND BLUE SHIELD a Mutual Insurance Company, Usable Corporation (formerly known as Arkansas Diversified Services, Inc.), Dick Ritchey, George Mitchell, Robert Shoptaw, Mark White, Jack Case, Robert Cabe, Sharon Allen, and Jim House, Defendants.

No. DC91–W120–B–0.

United States District Court,
N.D. Mississippi,
Delta Division.

Dec. 16, 1991.

Michael T. Lewis, Pauline Shuler Lewis, Clarksdale, Miss., for plaintiff.

John E. Hughes, III, Steven H. Begley, Roy H. Liddell, Jackson, Miss., Kathleen L. Caldwell, Memphis, Tenn., Edward J. Currie, Jr., Michael F. Myers, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the plaintiff's motion to remand. The plaintiff, a resident citizen of Mississippi, brought this action in state court against foreign corporations and diverse individuals as "officers and/or employees and agents of Defendant Blue Cross." The complaint alleges violations of state statutes and common law claims of conspiracy, gross negligence and fraud involving a group health policy that insured the plaintiff. The plaintiff, as stated in the complaint, "demands judgment of and from Defendants, in the amount of $30,000.00 for mental distress, punitive damages, embarrassment and humiliation; together with attorneys' fees, costs, and expenses." All defendants, except Dick Ritchey, filed a notice of removal on the grounds of diversity jurisdiction and federal question jurisdiction. The notice of removal alleges that the plaintiff has fraudulently alleged damages less than the jurisdictional minimum of $50,000.00 and joined defendant Ritchey for the purpose of avoiding removal. The notice further alleges that the plaintiff's health plan is exclusively governed by Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001, *et seq.*, and that ERISA preempts the plaintiff's state law claims.

The motion to remand asserts lack of diversity and federal question jurisdiction for failure of all defendants to join in the notice of removal. Defendant Rit-

chey joins in the motion to remand. Ritchey is a diverse defendant who did not join in the notice of removal although he had been served with process. Under the general rule, removal is improper if all defendants who are properly joined and served do not join in the notice of removal. *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). Alleging that Ritchey is a fraudulently joined or nominal party, the removing defendants have the burden of proving "outright fraud in the plaintiff's pleadings of jurisdictional facts" or "that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Id.; B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). The nominal party exception applies when removal is based on federal question jurisdiction, as well as diversity jurisdiction. *Farias*, 925 F.2d at 871–72.

■ The removing defendants invoke federal question jurisdiction on the ground that the plaintiff's claims arise out of an employee welfare benefit plan exclusively governed by ERISA. In order to establish that a nonremoving defendant is a nominal party, the removing defendants must prove that there is "no arguably reasonable basis for predicting that state law might impose liability" on him. *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir.1979). The removing defendants assert that there is absolutely no possibility that the plaintiff can establish a cause of action against Ritchey under Mississippi law since ERISA completely preempts all state law claims alleged in the complaint.

The removing defendants assert that the allegations in the complaint revolve entirely around the plaintiff's claim for medical benefits under an employee benefit plan established by his employer, Mid–South Farm Supply, Inc. and that the plaintiff concedes that the damages are "measured in some degree by the amount of benefits he would have received" but for the defendants' alleged fraud and negligent misrepresentation. They further assert that the essence of the complaint is the alleged wrongful refusal to pay benefits under an ERISA plan and thus falls within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B) (a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan"). *See Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 762 (5th Cir.1989) (the plaintiff conceded that the "lawsuit is essentially one to recover benefits from an ERISA plan"). The court in *Ramirez* held that

> Ramirez's efforts to collect his medical benefits "relate to an employee benefit plan" and thus come within the scope of ERISA's express preemption provision § 514(a), 29 U.S.C. § 1144(a), which declares that ERISA "supersede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan ...."

*Id.* at 762–63. The plaintiff asserts that his cause of action is based on a fraudulent insurance transaction in which an unlicensed insurer, BSC Life Insurance Company, through the defendants acting as unlicensed agents, sold policies and fraudulently assigned the policies to an insolvent unlicensed insurer, Galaxia Life Insurance in violation of Mississippi insurance regulatory statutes.

For purposes of the motion to remand, the court need not decide whether the plan qualifies as an employee welfare benefit plan under ERISA. Assuming arguendo that the plaintiff's health plan is governed by ERISA, the court must determine whether the complaint alleges a state law claim against the nonremoving defendant that is not preempted by ERISA. *See Lifetime Medical Nursing Services, Inc. v. New England Health Care Employees Welfare Fund*, 730 F.Supp. 1192, 1194, 1196 (D.R.I.1990) (a health care provider's breach of contract claim "neither falls within [ERISA's] civil enforcement provision nor 'relates to' the ERISA benefit plan" and thus "must be remanded to state court"). If the complaint does allege such a claim against defendant Ritchey, this cause should be remanded to state court

for failure of all defendants to join in the removal. Any claims to enforce rights to ERISA plan benefits under 29 U.S.C. § 1132(a)(1)(B) may be heard in state court. *Davis v. Time Ins. Co.*, 698 F.Supp. 1317, 1322 (S.D.Miss.1988). Section 1132(e)(1) provides that state and federal courts have concurrent jurisdiction of actions under subsection (a)(1)(B).

The Supreme Court has construed the phrase "relate to" under ERISA's preemption clause, 29 U.S.C. § 1144(a), to include a state law that "has a connection with or reference to" an ERISA plan. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728, 740 (1985) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490, 501 (1983)). The issue of "whether a certain state action is preempted by federal law is one of congressional intent." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39, 46 (1987). The saving clause of ERISA excepts from the preemption clause "any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). Under the "deemer clause," an employee benefit plan shall not be deemed to be an insurance company "for purposes of any law of any State purporting to regulate insurance companies, insurance contracts...." 29 U.S.C. § 1144(b)(2)(B). The Court has held that:

> By exempting from the saving clause laws regulating insurance contracts that apply directly to benefit plans, the deemer clause makes explicit Congress' intention to include laws that regulate insurance contracts within the scope of the insurance laws preserved by the saving clause.

*Metropolitan Life Ins. Co.*, 471 U.S. at 741, 105 S.Ct. at 2390, 85 L.Ed.2d at 741. "Congress intended to include laws regulating insurance contracts [as well as insurance companies] within the scope of the insurance saving clause." *Id.*

*Metropolitan Life Ins. Co.* involved a state statute requiring that certain minimum mental-health-care benefits be provided an instate resident insured under a general insurance policy, an accident or sickness insurance policy, or an employee health-care plan for hospital and surgical expenses. *Id.* 471 U.S. at 727, 105 S.Ct. at 2383, 85 L.Ed.2d at 732. The Court held that the statute, as applied to insurance policies purchased by ERISA plans, is not preempted by ERISA. *Id.*, 471 U.S. at 746, 105 S.Ct. at 2392, 85 L.Ed.2d at 744. The Court stated: "We ... must presume that Congress did not intend to preempt areas of traditional state regulation" and rejected the argument that state laws that regulate the substantive terms of insurance contracts are innovative, as opposed to traditional insurance laws, and thus are not subject to the saving clause. *Id.*, 471 U.S. at 740, 741–42, 105 S.Ct. at 2389, 2390, 85 L.Ed.2d at 740, 741–42. The Court stated:

> The presumption is against pre-emption, and we are not inclined to read limitations into federal statutes in order to enlarge their pre-emptive scope.

*Id.*, 471 U.S. at 741, 105 S.Ct. at 2389, 85 L.Ed.2d at 741.

■ The state statutes cited in the complaint directly regulate insurers, insurance agents and the sale and solicitation of insurance in Mississippi. The complaint alleges the following facts. At the time of the issuance of the subject policy, BSC Life Insurance Company [BSC] was not licensed, registered, or authorized to do business in Mississippi. The defendants fraudulently induced the plaintiff and other employees to purchase the BSC policy by representing that defendant Arkansas Blue Cross and Blue Shield [Blue Cross] backed the policy and that BSC was lawfully doing business in Mississippi, licensed by the Mississippi Insurance Department and thereby covered by the Mississippi guaranty fund. Following losses in the operation of BSC, the defendants conspired to defraud the plaintiff by assigning a block of insurance policies, including the plaintiff's policy, to Galaxia Insurance Company [Galaxia] and misrepresented by silence that Galaxia was also authorized to do business in Mississippi, licensed by the Mississippi Insurance Department and covered by the state guaranty fund. The defendants are also

charged with gross negligence in failing to investigate Galaxia's ability to underwrite the assigned policies and/or fraud in knowing that Galaxia was financially unsound and unable to fund and pay the BSC claims. Defendant Ritchey, an employee and agent of Blue Cross and BSC, assisted in procuring, soliciting and issuing the plaintiff's policy as the soliciting agent. Ritchey acted as an insurance agent, as defined in Miss.Code Ann. §§ 83–17–1 and 83–17–101 by participating directly or indirectly in the solicitation, negotiation for, and procurement of the insurance contract and by transmitting or delivering the certificate of insurance.

The complaint alleges negligence per se in violation of the following statutes:

1. Miss.Code Ann. § 83–5–7 makes it unlawful "for any person as insurance agent or insurance broker to make, negotiate, solicit, or in any manner aid in the transaction of such insurance unless and except as authorized under the provisions of this chapter.

2. Miss.Code Ann. § 83–17–105 makes it unlawful for any person to "act as an agent within this state until he shall have procured a license as required by the laws of this state, and until he shall hold a certificate of authority from at least one (1) company authorized to write the line of business provided in said agent's license."

3. Miss.Code Ann. § 83–17–103 provides:

No agent or other persons shall, within this state, solicit, procure, receive or forward applications for life, health or accident insurance or annuities, or issue or deliver policies for, or in any manner secure, help, or aid in the placing of any contract of life, health and accident insurance or annuity for any person other than himself, directly or indirectly, with any insurer not authorized to do business in this state.

Any agent or any other person who violates the above provisions shall be liable for the full amount of any loss sustained on any contract of life, health or accident insurance or annuity made by or through him, directly or indirectly, with any insurer not authorized to do business in this state....

4. Miss.Code Ann. § 97–23–31 provides that any person who performs any of the acts or things mentioned in the laws governing insurance companies as an agent of "any insurance company not organized under or incorporated by the laws of this state, without such company having first complied with the requirements of the laws of this state or having received the certificate of authority from the commissioner of insurance, as required by law, shall be guilty of a misdemeanor...."

The removing defendants argue that the plaintiff's state statutory and common law claims directly concern and emanate solely from the plaintiff's claim for medical benefits under an ERISA plan and are thus preempted by ERISA. The plaintiff argues that his cause of action is based on Galaxia's insolvency and inability to pay his insurance claim for which the state insurance statutes provide protection. The plaintiff asserts that statutory noncompliance by the defendants, including Ritchey, acting as agents for unlicensed insurance companies, deprived him of the right to participate in the Mississippi guaranty fund intended for insureds in the event of an insurer's insolvency. Had BSC and Galaxia applied for licenses from the Mississippi Insurance Commissioner, the plaintiff contends that the wholesale dumping of the BSC policies onto an insolvent insurer would have been prevented.

The Mississippi Supreme Court has held that a similar statute limited to insurance agents, Miss.Code Ann. § 83–17–3, created a private cause of action against an insurance agent for, directly or indirectly, unlawfully placing insurance on behalf of a company not authorized to do business in Mississippi. *Ritchie v. Smith*, 311 So.2d 642 (Miss.1975). As in this cause, the defendant insurance agents sold a policy issued by an unlicensed insurer and then arranged an assumption of the policy by another unlicensed and insolvent insurance company. The agents were held personally liable on the insurance contract issued to

the plaintiff. *Id.* at 647. Section 83–17– 103 similarly imposes personal liability and thus creates a private cause of action against agent Ritchey and the other defendants for the original sale of the unlicensed BSC policy and for shifting the policy to Galaxia, another unlicensed insurer. *Cf. Perkins v. Time Ins. Co.*, 898 F.2d 470, 472–73 (5th Cir.1990) (Mississippi's "twisting statute," Miss.Code Ann. 83–5–35(a), "regulating unfair competition in the insurance industry ... does not create a cause of action for damages caused by the activity it proscribes") (citing *Protective Service Life Ins. Co. v. Carter*, 445 So.2d 215, 218– 19 (Miss.1983)). The "twisting statute" is designed to protect insurance companies by making it an unfair and deceptive insurance practice to make any misrepresentations "for the purpose of inducing or tending to induce [a] policyholder to lapse, forfeit, or surrender his insurance."

█ For purposes of the motion to remand, the issue is whether the claims against Ritchey are based on statutes that "regulate[ ] insurance" and thus fall within ERISA's saving clause. The Fifth Circuit has explained that "[t]he saving[ ] clause preserves the right of States, given by the McCarran–Ferguson Act [15 U.S.C. § 1012(a) ] to regulate the 'business of insurance.'" *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1453 (5th Cir.1991) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39, 48 (1987)). Three criteria are used to decide whether a law regulates the "business of insurance" as follows:

1. whether the practice has the effect of transferring or spreading a policyholder's risk;

2. whether the practice is an integral part of the policy relationship between the insurer and the insured; and

3. whether the practice is limited to entities within the insurance industry.

*Gahn*, 926 F.2d at 1453. The Supreme Court has held that ERISA preempted the Mississippi common law of bad faith for improper processing of a claim for benefits under an employee benefit plan since it applies to general contract and tort law and

is not limited to the insurance industry. *Pilot Life Ins. Co.*, 481 U.S. at 51, 57, 107 S.Ct. at 1555, 1558, 95 L.Ed.2d at 50, 54. Similarly, the Fifth Circuit in *Gahn* held that the "abuse of rights" doctrine is a Louisiana civil law concept of general application in the area of contract law and is preempted. 926 F.2d at 1454. However, the court held that ERISA did not preempt the insured's remedy under a Louisiana statute prescribing conditions that an insurer must meet before it may cancel a policy. *Id.*

The Fifth Circuit has set forth "two unifying characteristics" of state law claims preempted by ERISA as follows:

(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990). The court in *Memorial* held that ERISA did not preempt the plaintiff hospital's claim of deceptive and unfair trade practices under the Texas Insurance Code against the insurer and its agent for negligent misrepresentation of a patient's coverage. *Id.* at 250. The court rejected the same argument made by the removing defendants in this cause that the hospital's claim relates to an ERISA plan because its damages "would be measured in part by the amount of benefits it would have received had there been no misrepresentation regarding coverage." *Id.* at 247. The court reasoned that "[t]he benefits issue arises only to set a benchmark on payments Memorial could have reluctantly relied upon, and ... it is unrelated to the [patient's] actual right to benefits under the plan." *Id.* The hospital's derivative breach of contract claim as the insured's assignee was found to be preempted. *Id.* at 250. The complaint in the instant cause does not allege improper processing of a claim, or other "state law claims, based on breach of contract, fraud, or negligent mis-

representation, that have the effect of orally modifying the express terms of an ERISA plan" that have been found in this circuit to be preempted. *Id.* at 245. Neither insurer BSC nor insurer-assignee Galaxia are defendants in the instant cause. No defendant is a traditional ERISA entity.

The court finds that the Mississippi statutory scheme allegedly violated by the defendants, including agent Ritchey, meets the three criteria for laws that regulate the "business of insurance." The statutory requirement that an insurance company be licensed to lawfully do business in Mississippi ensures that the risk is shared through the state guaranty fund and is integral to the insured and insurer's relationship in that it limits the category of insurers who may lawfully enter into an insurance contract with a policyholder in Mississippi. The statutes pertaining to agents can also transfer the risk of non-coverage from the insured to the insurance agent in the event of the insurer's insolvency and are confined to the insurance industry.

In addition to the plaintiff's statutory claims against Ritchey, the nonremoving defendant, the complaint alleges fraud in the inducement by agent Ritchey as well as the other defendants. The defendants allegedly induced the plaintiff to participate in the BSC policy by representing that defendant Blue Cross backed the policy. The court in *Perkins v. Time Ins. Co.* held that a claim of fraudulent inducement against an insurance agent may be maintained in an action in which ERISA preempts a claim against the insurer based on the agent's representations under Mississippi's "twisting statute." 898 F.2d at 473. The court reasoned that since the "twisting statute" does not create a cause of action, any claim against the insurer arises only under the common law "not uniquely addressed to the business of insurance and thus is preempted by ERISA." *Id.* The court held:

> While ERISA clearly preempts Perkins' claims as they relate to Time, the same cannot necessarily be said, however, as regards Davis's solicitation of Perkins, which allegedly induced him to forfeit an insurance policy that covered his daughter's condition for one that did not ... we are not persuaded that this logic [as to preemption] should extend to immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation ... we conclude that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, "relates to" that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA.

*Id.*, quoted in *Martin v. Pate*, 749 F.Supp. 242, 246 (S.D.Ala.1990) (holding that ERISA did not preempt an insured's fraud in the inducement claim against a group health insurer and agent for allegedly misrepresenting that the policy would cover his preexisting condition), *aff'd without op. Martin v. Continental Investors*, 934 F.2d 1265 (11th Cir.1991).

## CONCLUSION

Upon due consideration, the court finds that there is a possibility of a valid state law claim based on Mississippi insurance regulatory statutes and/or fraud in the inducement against insurance agent Ritchey. Therefore, defendant Ritchey is not a nominal or fraudulently joined party for purposes of removal jurisdiction. Since defendant Ritchey did not join in the notice of removal, the court finds that this cause should be remanded to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.