**Victor R. ADORNO and Veronica Adorno, Plaintiffs,**

v.

**Steven NITZKIN, individually and d/b/a Nitzkin & Sachman, a Partnership, and Benefit Trust Life Insurance, Inc., and Star Marketing and Administration, Inc., and the Starmark Trust, Defendants.**

**No. 92 C 6531.**

United States District Court, N.D. Illinois, E.D.

Aug. 3, 1993.

---

B.J. Farrell, Joel D. Arnold, Fortunato, Farrell & Davenport, Ltd., Westmont, IL, James E. Ocasek, Cooney and Conway, Chicago, IL, for Victor Adorno and Veronica Adorno.

David E. Morgans, Mary A. Sliwinski, Williams & Montgomery, Ltd., Chicago, IL, for Steven Nitzkin, individually and d/b/a Nitzkin & Sachman, Partnership.

Daniel A. Engel, Joseph J. Hasman, David F. Schmidt, Peterson & Ross, Chicago, IL, for Benefit Trust Life Ins. Co., Star Marketing and Administration, Inc., and the Starmark Trust.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Plaintiffs Victor and Veronica Adorno ("the Adornos") filed suit against Steven Nitzkin, Benefit Trust Life Insurance, Inc. ("Benefit Trust"), Star Marketing and Administration, Inc. and the Starmark Trust ("Starmark") alleging that the defendants refused to pay benefits under a group health insurance policy and that Benefit and its administrators rescinded a certificate of insurance for Angela Adorno. The Adornos allege four state law claims against Nitzkin: breach of fiduciary duty, negligent misrepresentation, common law fraud and violation of the Illinois Consumer Fraud and Deceptive Practices Act. Nitzkin moves to dismiss these four claims against him by asserting that they are preempted by the Employees' Retirement Security Act of 1974 ("ERISA"). For the following reasons, we deny the motion to dismiss.

## BACKGROUND

Plaintiffs participated in a group health insurance program that was issued to plaintiff Victor Adorno's employer, Dea Jae Builders, Inc. The group health insurance plan was underwritten by defendant Benefit Trust Life Insurance through defendant The Starmark Trust and was administered by defendant Star Marketing and Administration, Inc. The policy became effective on January 1, 1989.

On June 19, 1989, Angela Adorno, plaintiff's daughter was diagnosed with pituitary dwarfism. Plaintiffs claim that Benefit Trust initially indicated that the treatment of this condition would be covered under Dea Jae Builder's group health insurance policy, but that on August 30, 1989, The Starmark Trust rescinded the certificate of insurance which had been issued for Angela Adorno because of her alleged failure to inform the company of a pre-existing condition. Plaintiffs claims that they have been damaged in the amount of $300,000 because of Benefit Trust's refusal to pay for Angela's treatments.

Prior to the application for health insurance with Benefit Trust, Angela Adorno was covered under a group health insurance policy issued by Travelers Insurance Company. Travelers was aware that Angela had been previously diagnosed as having Turner's Syndrome. Turner's Syndrome is a condition resulting from a chromosomal disorder. Angela required no treatment for this syndrome other than continuing examinations. This syndrome is not related to the disease of pituitary dwarfism which Angela was later diagnosed as having.

The existence of Turner's Syndrome was disclosed to Nitzkin who then prepared the Starmark Employee Enrollment Form for the Adornos. Nitzkin, however, did not disclose the existence of Angela's Turner's Syndrome and the Adornos claim that Nitzkin informed them that this syndrome was not considered to be a pre-existing condition which would render Angela ineligible for health insurance under the plan.

The Adornos claim that Benefit Trust indicated to them on August 14, 1989 that Angela's treatments for the pituitary dwarfism would be covered under the group's insurance plan. Then, on August 30, 1989, The Starmark informed Victor Adorno that it was rescinding the certificate of insurance for Angela Adorno claiming that her condition was a pre-existing condition which was required to be disclosed.

## DISCUSSION

■ ERISA contains a broad preemption provision which provides that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The Supreme Court has recognized that Congress adopted such a broad preemption provision in order to establish a comprehensive and exclusive scheme of federal regulation of employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44–6, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987). The Court has also stated that the term "relates to" should be given its "broad, common-sense meaning." *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Not every state law claim is automatically preempted by ERISA but only those that directly relate to an employee benefit plan. *Pilot Life*, 481 U.S. at 41, 107 S.Ct. at 1549.

■ After reviewing the claims alleged against Nitzkin we find this case directly analogous to the Fifth Circuit's holding in *Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990). In *Perkins*, an independent agent solicited a company's participation in a group insurance plan offered by Time. An employee informed the agent that his daughter suffered from congenital eye defects which would require corrective surgery and inquired whether that surgery would be covered by Time. The employee asserted that the agent told him that a congenital defect would not be considered a preexisting condition. On the basis of this representation, the employee terminated his existing insurance coverage and elected to participate in the Time plan. When the employee proceeded with his daughter's eye surgery, his claim was denied by Time on the grounds that the congenital eye defect was a preexisting condition. *Id.*

In the case at hand, Nitzkin allegedly informed the Adornos that their daughter's Turner's Syndrome was not a preexisting condition. On the basis of this assertion, Adorno terminated his coverage with Travelers and elected to participate in the Benefit Trust plan. His daughter now requires treatment for a completely different condition and yet the insurance company is denying this coverage due to the fact that the company considers the Turner's Syndrome to be a preexisting condition which essentially would have denied her coverage in the first place.

The Fifth Circuit held in Perkins:

While ERISA clearly preempts claims of bad faith as against insurance companies for improper processing of a claim for benefits under an employee benefit plan, Pilot Life, and while ERISA plans cannot be modified by oral representations, ... we are not persuaded that this logic should extend to immunize agents from personal liability for their solicitation of potential participants in a ERISA plan prior to its formation. Giving the ERISA 'relates to' preemption standard its common-sense meaning, ... we conclude that a claim that an insurance agent fraudulently induced insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, 'relates to' that plan only indirectly. A state claim of this genre, which does not effect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the bene-

ficiaries) as such, is not preempted by ERISA.

*Perkins,* 898 F.2d at 473.

We are in accord with the Fifth Circuit's reasoning in *Perkins.* Here, the actions of Nitzkin are only indirectly related to the relations of the principal ERISA entities. Nitzkin's alleged actions in inducing the Adornos to surrender their Travelers coverage in order to join an ERISA plan which was not yet in existence create claims which are not preempted by ERISA.

For the foregoing reasons, we deny Nitzkin's motion to dismiss.