**MNVA RAILROAD, INC., Appellant,**

v.

**JOHN ALDEN LIFE INSURANCE COMPANY, Farmers Union Agency, Inc., et al., Respondents.**

**No. C5-93-821.**

Court of Appeals of Minnesota.

Oct. 19, 1993.

Patrick J. Neaton, Todd M. Johnson, Chamberlain, Neaton & Johnson, Wayzata, for MNVA R.R., Inc.

Thomas J. Vollbrecht, Patrick J. O'Connor, Jr., Faegre & Benson, Minneapolis, for John Alden Life Ins. Co.

Frederick E. Finch, Mark R. Whitmore, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Farmers Union Agency, Inc., et al.

Considered and decided by LANSING, P.J., and PARKER and SHORT, JJ.

## OPINION

PARKER, Judge.

Appellant MNVA argues the district court erroneously dismissed its state law claims for misrepresentation of insurance coverage on the basis of federal preemption. MNVA further argues the trial court erroneously dismissed claims against Sullivan and the insurance agency, who were not parties to the dismissal motion. We agree and reverse.

## FACTS

Until November 1, 1988, appellant MNVA Railroad, Inc., had group health insurance with National Farmer's Union Insurance Companies (National Insurance), obtained through respondent Farmers Union Insurance Agency (insurance agency). After National Insurance announced it would stop writing group health insurance in Minnesota, the insurance agency and its agent, respondent Gerald Sullivan, began investigating other insurance policies. MNVA told Sullivan that the policy must include "24–hour

coverage."[1]   In August 1988 Sullivan reportedly assured MNVA that respondent John Alden Life Insurance Company (insurance company) would issue a policy including the 24–hour coverage.

In November 1988 the insurance company issued a policy to MNVA. From then until May 31, 1991, MNVA paid all premiums for the coverage.

In early 1991, MNVA made a claim for an employee's work-related injury. The insurance company denied the claim under a "work-related" exclusion in the policy. In May 1991 Sullivan and the insurance agency told MNVA the policy did not contain 24–hour coverage. MNVA demanded repayment of all premiums less benefits paid out, and the insurance company refused.

On June 15, 1991, MNVA filed suit in state district court against the insurance company, the insurance agency, and Sullivan. MNVA claims that these defendants fraudulently induced it to acquire the health insurance policy by misrepresenting the coverage included.

The insurance company removed the case to federal court, alleging that the state law claims were preempted by the Employee Retirement and Income Security Act (ERISA), and moved for dismissal because MNVA had not pled any federal claim under ERISA.

The federal district court found that removal was improper because the preemption defense, even if valid, would not support removal, and remanded to state court, explicitly refusing to discuss the merits of the preemption defense.

The insurance company moved the state district court for dismissal, arguing that ERISA preempts MNVA's state law claims. The state court granted the motion, and this appeal followed.

## ISSUES

I.   Does ERISA preempt MNVA's state law claims for misrepresentation and fraudulent inducement to purchase an employee benefit plan?

II.   Did the district court erroneously enter judgment against Sullivan and the insur-

ance agency, when defendants were not parties to the dismissal motion?

## DISCUSSION

█   In reviewing a district court's dismissal of a claim, the appellate court determines whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980).

## I

█   The district court dismissed MNVA's claims on the basis· of federal preemption. We conclude that ERISA does not preempt claims alleging pre-plan negligence and fraud in the inducement to purchase an insurance policy.

█   Under the supremacy clause of the federal constitution, federal law preempts conflicting state law. John E. Nowak, et al., *Constitutional Law* 295 (3rd ed. 1986). Preemption can be ascertained from the pervasiveness of federal regulation, the need for national uniformity in a given field, or the danger of conflict between enforcement of state laws and the administration of federal programs. *Pennsylvania v. Nelson*, 350 U.S. 497, 502–06, 76 S.Ct. 477, 480–82, 100 L.Ed. 640 (1956).

The United States Supreme Court is generally reluctant to infer preemption. *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 132, 98 S.Ct. 2207, 2217, 57 L.Ed.2d 91 (1978). There is an assumption that unless Congress's intent is clear, the historic police powers of the states are not to be superseded by federal law. *Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F.Supp. 1478, 1490 (D.Mass.1989).

█   The ERISA statute expressly provides that it supersedes all state laws that "relate to any employee benefit plan." 29 U.S.C.A. § 1144(a). Relying on this language, the district court concluded that because MNVA's claims arose after a denial of employee benefits, those claims related to an employee benefit plan and therefore are preempted. We believe the district court

---

1.  This coverage provides health benefits even if   an employee is injured on the job.

read the ERISA preemption language too broadly.

The United States Supreme Court, although not deciding this precise issue, has held that "run-of-the-mill state-law claims * * * although obviously affecting and involving ERISA plans * * * are not preempted by ERISA." *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988).

The majority of federal courts that have considered this issue have concluded that ERISA does not preempt malpractice claims under state law. *See Richards v. Union Labor Life Ins. Co.*, 804 F.Supp. 1101, 1106 (D.Minn.1992) (stating that if Eighth Circuit were to rule on this issue, it would agree with every court that has addressed this issue and find no preemption); *see also Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1152–53 n. 7 (3rd Cir.1989); *Carl Colteryahn Dairy, Inc. v. Western Pa. Teamsters and Employers Pension Fund*, 785 F.Supp. 536, 543 (W.D.Pa.1992); *Framingham*, 721 F.Supp. at 1490; *Isaacs v. Group Health, Inc.*, 668 F.Supp. 306, 312–13 (S.D.N.Y.1987).

The Eighth Circuit Court of Appeals has concluded that while ERISA preempts claims challenging the *administration* of employee benefit plans, there is no preemption of claims for malpractice. *Richards*, 804 F.Supp. at 1105.

The rationale for such a distinction is practical. Because ERISA does not contain any provisions regulating malpractice or pre-plan negligence, there is little danger of conflict between federal and state law. Such claims therefore do not undermine the national uniformity Congress intended for the administration of employee benefit plans. *See Richards*, 804 F.Supp. at 1106. Furthermore, the very lack of a remedy in ERISA for such claims, while not conclusive, weighs against a finding of preemption of these claims. *Id.* at 1105–06.

*Richards* supports a conclusion of no preemption in this case. The plaintiffs in *Richards*, trustees of a retirement plan, sued the insurance company and its in-house actuary for negligence arising out of an actuarial error that allegedly caused the plaintiffs to have to pay benefits far in excess of funds available. *Id.* at 1102. The federal district court concluded that ERISA did not preempt this claim. *Id.* at 1106.

The case before us presents an even stronger case against preemption. The actuarial error in *Richards* had a strong effect on the administration of the benefits plan, whereas in this case, the insurance agent's alleged pre-plan fraud did not affect administration of the benefits plan in any way.

Defendants argue that the case of *Consolidated Beef Indus., Inc. v. New York Life Ins. Co.*, 949 F.2d 960 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992), requires a finding of preemption. We disagree. The *Richards* court concluded that *Consolidated Beef* stood for the narrow proposition that ERISA preempts claims related to *administration* of a benefits plan. *Richards*, 804 F.Supp. at 1105.

We note that the Eighth Circuit carefully distinguished its opinion from other cases which had found no preemption by ERISA. *Consolidated Beef*, 949 F.2d at 963–64. The Eighth Circuit was confronted by a case involving eight claims for relief, seven of them "post-plan" claims involving the administration of the plan and clearly preempted. The remaining claim was for misrepresentation in the sale of the plan. Noting that the plaintiff's "primary concern is whether the plan was properly administered," the court appeared to view inclusion of the latter cause of action as an attempt to bootstrap the others and avoid preemption. *Id.* at 964. We view the Eighth Circuit's decision in *Consolidated Beef* to be, analytically, a conclusion that the cause of action for misrepresentation in the sale of that 401k plan was inextricably intertwined with those alleging inaccurate billings, incorrect interest rates, and lack of accurate annual statements to plan participants. *See id.* at 964. We conclude the case affords no comfort to respondents here.

The insurance company argues that resolution of this dispute requires an assessment of the value of the policy coverage, thereby

touching on administration of the plan. But these claims do not in any way implicate federal rules and statutes regulating employee benefit plans. Even if it becomes necessary to determine the value of the policy coverage in order to fashion a just award of damages, the negligence claim itself does not question the plan or its administration.

The state district court in this case relied on two federal circuit cases outside this circuit to support its conclusion of preemption. *See Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990); *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791 (11th Cir.1989). We believe these cases do not support that conclusion.

In *Perkins*, plaintiffs' claim was for tortious *breach* of contract post-plan, a claim clearly preempted by ERISA. *Perkins*, 898 F.2d at 472–73. Significantly, the *Perkins* court added that the trial court had improperly denied the plaintiffs' motion to amend the complaint to allege fraudulent inducement to purchase the benefits plan, and concluded that ERISA does *not* preempt claims against agents soliciting participants in a benefits plan. *Id.* at 473–74. *Perkins* hardly supports preemption in this case.

In *Farlow*, the Eleventh Circuit concluded that ERISA preempts claims for misconduct in the sale and implementation of a benefits plan because such claims relate to an employee benefits plan. We believe the *Farlow* court read the ERISA preemption language too broadly. We note, furthermore, that the applicability of *Farlow* has been called into question within its own jurisdiction, and therefore its persuasive value seems minimal. *See Martin v. Pate*, 749 F.Supp. 242, 246 (S.D.Ala.1990) (stating that "in light of the reasoning and persuasiveness" of other authorities, "the applicability of *Farlow* * * * appears questionable"), *aff'd, unpublished*, 934 F.2d 1265 (11th Cir.1991).

On the basis of *Richards*, we conclude that ERISA does not preempt MNVA's state law claims alleging pre-plan negligence and fraud in the inducement to purchase a benefits plan. Accordingly, we reverse.

## II

We conclude that because ERISA does not preempt MNVA's claims against the insurance company, it does not preempt the claims as to Sullivan and the insurance agency.

We note furthermore that entry of judgment in favor of Sullivan and the insurance agency was improper, as they were not parties to the dismissal motion, and thus MNVA had no reason to contest the issue of preemption as to these two defendants and did not do so. Accordingly, we reverse the dismissal of claims against Sullivan and the insurance agency.

## DECISION

ERISA does not preempt MNVA's claims of pre-plan negligence and fraud in the inducement to purchase the benefits plan. The dismissal of defendants Sullivan and Farmers Union Agency was improper because they were not parties to the dismissal motion.

**Reversed and remanded.**