EVANDER, J.
Universal Checks & Forms, Inc., Universal Print Management, Inc., and Brian Thornton (collectively “Universal”) appeal a final judgment dismissing their complaint against Pencor, Inc., and William Shurm (collectively “Pencor”). The trial court dismissed the complaint on the basis that Universal’s claims were preempted by the Employment Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq. Because they only peripherally involve ERISA, Universal’s claims are not preempted and, accordingly, we reverse.[1]
Universal filed a complaint for breach of fiduciary duty and negligence in connection with Pencor’s recommendation and sale to Universal of a defined benefit plan.[2] According to the complaint, Pencor failed to disclose a critical feature of the defined benefit plan, namely, the impact of the age of employees on those employees’ share of the plan.
The complaint alleged that in 2005, Pen-cor presented Universal with the idea of establishing a defined benefit plan as a tax shelter and retirement savings vehicle. Pencor represented that Universal’s 71-year-old clerical employee would be entitled to only a small benefit while Universal’s principal, Brian Thornton, would “reap the lion’s share” from the plan. Pencor did not explain that because of the clerical employee’s age, her share of the benefits would rapidly increase. In reli-anee on Pencor’s representations, Universal implemented the recommended plan. Pencor received a commission/fee for the transaction.
When the clerical employee retired in 2011, Universal was obligated to pay her $96,700 from the plan even though she had never been paid more than $20,000 annually. Universal alleged that but for Pencor’s recommendation and representations, Universal would not have subscribed to a defined benefit plan but would have opted for some other form of retirement plan through which it would have only been required to pay the clerical employee approximately $15,000, at most, toward her retirement. It is Universal’s position that Pencor recommended a defined benefit plan that was unsuitable for Universal. The complaint requested compensatory damages of no less than $80,000, disgorgement of commissions, prejudgment interest, costs, and fees.
Pencor moved to dismiss the complaint on the basis that the claims were preempted by ERISA. The motion was granted and the trial court entered a final judgment of dismissal.
ERISA was passed by Congress in 1974 to “safeguard employees from the abuse and mismanagement of funds that had been accumulated to finance various types of employee benefits.” Massachusetts v. Morash, 490 U.S. 107, 112, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989). The United States Supreme Court has described ERISA as “a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans.” Shaw v. Delta Air *123 Lines, Inc., 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).
In enacting ERISA, Congress intended to make the regulation of pension plans solely a federal concern. Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 552 (6th Cir.1987). Consequently, ERISA preempts “any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....” 29 U.S.C. § 1144(a) (emphasis added).
Initially, the Supreme Court gave a broad dictionary interpretation to the “relate to” preemption language, stating that a law “relates to” an employee benefit plan “if it has a connection with or reference to such a plan.” Shaw, 463 U.S. at 96-97, 103 S.Ct. 2890. However, the Shaw court also recognized that some state actions may affect employee benefit plans “in too tenuous, remote, or peripheral a manner to warrant a finding that the law ‘relates to’ the plan.” Id. at 100 n. 21, 103 S.Ct. 2890.
Later, in New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), the Court narrowed its broad dictionary definition, describing the statute’s “relate to” language as “unhelpful.” Instead, the Court decided that in determining preemption issues, it would look to the objectives of the ERISA statute. Specifically, the Court concluded that Congress intended
to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government ..., [and to prevent] the potential for conflict in substantive law ... requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.
Id. at 656-57, 115 S.Ct. 1671 (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)).
In the instant case, we do not believe that permitting Universal to proceed with its action against Pencor would, in any way, interfere with Congress’s intent to ensure that plans and plan sponsors are subject to a uniform body of benefits law. Universal is not asserting wrongdoing in the administration of the employee benefit plan, nor is it challenging the terms and conditions of the plan as created. Rather, Universal is alleging that Pencor engaged in tortious conduct by recommending that Universal create an employee benefit plan as a retirement investment vehicle and tax shelter. The recommendation, and the tortious conduct allegedly associated with it, necessarily occurred before the plan was even formed.
In Bertoni v. Stock Building Supply, 989 So.2d 670 (Fla. 4th DCA 2008), our sister court, citing to Firestone, applied a three-part test to determine whether the plaintiffs state law claim related to an ERISA plan or was so remote and peripheral as to not be preempted. This test requires a court to determine:
(1) whether the state law represents a traditional exercise of state authority;
(2) whether the law affects relations between principal ERISA entities; and
(3) the effect that state law, if applied, would have on the plan.
Id. at 675.
Here, the application of this test supports Universal’s contention that its claims are not preempted by ERISA. First, the neutral application of Florida tort law represents a traditional exercise of state authority. Id. Second, there is no allegation that Pencor is an ERISA entity. Third, *124 the litigation will not impact the plan. The plan itself is not a party to the lawsuit and the litigation, regardless of the outcome, will not result in any funds being paid from or received by the plan. Furthermore, there is no relief sought that would change the nature or terms of the plan, make any changes to benefits being paid out, or otherwise address the ongoing administration of the plan.
We find further support for our decision from Morstein v. National Insurance Services, Inc., 98 F.3d 715 (11th Cir.1996). In Morstein, the plaintiff alleged that the defendants, an independent insurance agent and his agency, had fraudulently induced her to purchase an ERISA-governed insurance plan and had been negligent in processing her application for the plan. Id. at 717. In concluding that the plaintiffs actions were not preempted, the Mor-stein court observed that to permit preemption of the plaintiffs claim would not serve Congress’s intent to protect the interest of employees and other beneficiaries of employee benefit plans:
To immunize insurance agents from personal liability for fraudulent misrepresentation regarding ERISA plans would not promote this objective. If ERISA preempts a beneficiary’s potential cause of action for misrepresentation, employees, beneficiaries, and employers choosing among various plans will no longer be able to rely on the representations of the insurance agent regarding the terms of the plan.
Id. at 728.
Similarly, we conclude that Congress’s intent to protect the interests of employees and other beneficiaries of employee benefit plans would not be furthered by immunizing an investment adviser from suit if the adviser’s client has suffered damage because the investment advisor recommended a defined benefit plan that was unsuitable for the client. See Perkins v. Time Ins. Co., 898 F.2d 470, 473 (5th Cir.1990) (Congress did not intend for ERISA preemption to extend to state law tort claims brought against insurance agents where such would “immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation”); Padeh v. Zagoria, 900 F.Supp. 442 (S.D.Fla.1995) (holding that state law negligence and negligent misrepresentation claims against investment advisers and insurance representatives for negligently advising plaintiffs to invest proceeds from sale of investment into pension plan that was ill-suited for their needs did not relate to pension plan and were not preempted by ERISA).
We conclude that Universal’s claims do not relate to an ERISA plan and, therefore, are not preempted by ERISA.
REVERSED and REMANDED.
TORPY, C.J. and PALMER, J., concur.

. As an alternative basis for affirmance, Pen-cor argues that Universal’s action is barred by the statute of limitations. This issue was not raised in Pencor's motion to dismiss and, accordingly, we decline to address it on appeal.

. See 29 U.S.C. § 1002(35) (defining, with certain exceptions, a “defined benefit plan” as a pension plan other than an individual account plan).