**Lionel BARNET, Plaintiff,**

v.

**Nelson WAINMAN, Defendant.**

**No. 92–1549–CIV.**

United States District Court, S.D. Florida.

Aug. 27, 1993.

Charles R. Mindlin, Hallandale, FL, for plaintiff.

Richard P. Joblove, Stephens, Lynn, Klein & McNicholas, P.A., Miami, FL, for defendant.

### ORDER OF REMAND

MARCUS, District Judge.

 THIS CAUSE comes before the Court on Plaintiff's motion to remand. In this action, Plaintiff Lionel Barnet sues Defendant Nelson Wainman for state-law fraud and negligence. Specifically, Barnet alleges that Wainman, a licensed insurance agent,

fraudulently and negligently advised Barnet that his failure to reveal certain pre-existing medical conditions on an application for a health insurance policy would not affect his coverage under the policy. *See* Second Amended Complaint, ¶¶ 13–19. Barnet alleges that such misrepresentations proximately caused the subsequent denial of $170,000 in benefits for hospitalization and medical treatment. Initially, claims were also asserted against the insurance company that issued the policy, but later dismissed with prejudice upon Plaintiff's voluntary motion. The instant motions present essentially one question: whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.*, pre-empts state law claims against an insurance agent asserting personal liability for fraud and negligence in representations made during the solicitation of participation in an ERISA plan. We find that the state-law claims presented in the case at bar are not pre-empted by ERISA, and thus the motion to remand must be granted.

The parties do not dispute that the policy about which Defendant made the alleged misrepresentations was a "Plan" under ERISA, and thus federal jurisdiction was properly invoked by the removal of this action from state court. *See* Second Amended Complaint, ¶¶ 1, 2; *see generally, Belasco v. W.K.P. Wilson & Co.*, 833 F.2d 277, 280 n. 3 (11th Cir.1987). Plaintiff argues, however, that since the insurance company is no longer a party to this action and only state law claims remain against the agent, no federal question remains and therefore the case should be remanded. Defendant opposes the motion to remand on the grounds that the state common-law claims are completely pre-empted by ERISA and that any possible litigation on the causes of action, to the extent that they exist, must be conducted in federal court.

Under section 514(a) of ERISA, general state-common-law causes of action are pre-empted when the state law claim "relates to" an ERISA benefit plan. 29 U.S.C. § 1144(a). The phrase "relates to" is construed according to its "broad common-sense meaning." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). A state common law cause of action "relates to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metropolitan Life v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Generally, a claim against the insurer for tortious misrepresentation or fraudulent inducement, etc. will be said to "relate to" an employee benefit plan if it is a suit to recover benefits alleged to have been wrongfully withheld. As such, a state-common-law tort claim would ordinarily be pre-empted, and the claim would have to be brought under ERISA for recovery of the benefits. *See* ERISA § 502(a)(1)(B) ("A civil action may be brought ... by a beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...."). The case at bar presents a more difficult question because a finding of pre-emption would leave Plaintiff without the ability to formulate a claim against Wainman, as we cannot readily discern any vehicle under ERISA for pleading a tort claim against an insurance agent.

We are not persuaded by Defendant's argument that *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791 (11th Cir.1989) is controlling. In *Farlow*, the plaintiffs alleged that the insurance agent wrongfully induced them to switch to a new health insurance policy by fraudulently and negligently misrepresenting the fact that the new policy provided the same coverage with a lower deductible, and the same premiums. The complaint alleged that unlike their previous policy, the new plan did not provide pregnancy and maternity coverage, and Mrs. Farlow's pregnancy would not be covered. The Eleventh Circuit Court of Appeals held that ERISA preempted the Farlows' claims. The Court reasoned as follows:

> [A] state law cause of action "relates to" an employee benefit plan if the employer's conduct giving rise to such claim was not "wholly remote in content" from the benefit plan. *Clark [v. Coats and Clark, Inc.,*

865 F.2d 1237, 1245 (11th Cir.1989) ]. A claim does not, however, relate to a plan even though the employer's conduct occurred contemporaneously with an alleged ERISA violation, unless the facts relating to the employee's failure to receive benefits are relevant to the state law claim. *Clark*, 865 F.2d at 1245.

\* \* \* \* \* \*

[T]he conduct alleged in these claims is not only contemporaneous with [the] refusal to pay benefits, but the alleged conduct is intertwined with the refusal to pay benefits.... [W]e reject the ... contention that simply because their claims involve misconduct in the sale and implementation of the ... plan, their claims do not relate to the plan.

*Farlow*, 874 F.2d at 794.

The instant case can be fairly distinguished from *Farlow* because the scope of the plan's coverage, which was of central relevance to the litigation in *Farlow*, will not be the focus of the litigation of the fraud/negligence claim here. A determination of the merits of the Farlows' claim against the agent could not be reached without a threshold comparison of the precise coverage of the two ERISA plans and a particularized finding as to the differences in content. Here, in contrast, the litigation will focus primarily on whether the insurance agent fraudulently advised Barnet to make a misrepresentation on the application for insurance, and the nature and exact form of the agent's alleged exhortations.

Specifically, the complaint in the case at bar alleges that Wainman advised Barnet to fill out a second insurance application after one had been rejected, and that Barnet should not indicate his high blood sugar and hypertensive conditions on the second form, and that "the absence of such information on the application was essentially innocuous ... that there would be no adverse repercussions thereby and that in the event of any claims filed for benefits due under the insurance policy, that the same would be honored, since the insurance would be enforceable and valid in all particulars." Second Amended Complaint at ¶ 16. The refusal to pay benefits here resulted from the rescission of the poli-

cy, which was, according to the complaint, proximately caused by Wainman's fraudulent misrepresentations. *See* Second Amended Complaint at ¶ 19. In contrast, the refusal to pay benefits in *Farlow* was premised on the lack of coverage by the new policy.

Similar to the case at bar is *Martin v. Pate*, 749 F.Supp. 242 (S.D.Ala.1990), *aff'd without op. sub nom Martin v. Continental Investors*, 934 F.2d 1265 (11th Cir.1991). That case involved a fraud claim against an insurance agent, and the district court found it not to be preempted by ERISA, distinguishing *Farlow*. The *Martin* court found that a state-law claim against an insurance agent for fraudulently misrepresenting that a policy would provide coverage for a pre-existing heart condition was not pre-empted (although the court found the fraud claim to be without merit after a trial). The plaintiff alleged that the agent knew of plaintiff's pre-existing condition, and yet represented that the policy would insure the plaintiff for that condition. The insurance company did not deny benefits based on lack of coverage for a pre-existing condition, but rather claimed the policy was void *ab initio* because the plaintiff's materially misrepresented that he did not suffer from the heart condition. The *Martin* court reasoned that the fraudulent statement alleged in the complaint, namely that the pre-existing condition would be covered, was irrelevant to the reason for the denial of benefits, namely that the plaintiff made a material misrepresentation in the application. Because there was in fact *no* connection alleged between the claim against the agent and the actual reason for denial of benefits, *Martin* found that even applying *Farlow* strictly, the state claim would not be preempted. *Cf. Beal v. Jefferson–Pilot Life Ins. Co.*, 798 F.Supp. 673 (S.D.Ala.1992) (applying *Farlow*, disagreeing with and distinguishing *Martin*, and finding a state-law claim for fraud against the insurance agent pre-empted).

The case at bar more closely resembles *Martin* than it does *Farlow*. In *Farlow*, the plaintiffs contended that the agent had misrepresented the scope of coverage, and that their claim was denied because the policy did not cover the medical event. The alleged

fraudulent conduct aimed precisely at the *content* of the plan (i.e., what it covered).

In *Martin*, on the other hand, the agent allegedly misrepresented the coverage of the plan as including a pre-existing heart condition; the plaintiff nevertheless denied that he had the heart condition, *which the agent allegedly knew plaintiff suffered from*, and yet—despite the agent's knowledge of plaintiff's misrepresentation on the application—the agent still wrote the policy. The insurance company subsequently rescinded the policy based on the material misrepresentation. Thus, integrally bound up with the *Martin* claim is the allegation that the agent knew that the policy would be rescinded because of the false application, yet wrote the policy anyway. Indeed, the most likely focus of the *Martin* litigation (from the perspective of a motion to dismiss—in actuality the precise issue ultimately litigated was the misrepresentation of coverage) would not be the content/coverage of the plan, but rather whether the agent knowingly induced the plaintiff to subscribe to a policy which the agent knew would probably be rescinded on account of the false application.

Likewise in the instant case, the agent allegedly misinformed plaintiff that he need not reveal his hypertension and hyperglycemia, and despite knowledge of plaintiff's condition and knowledge that the omission would constitute grounds for later rescission, issued the policy to plaintiff. As in *Martin*, the insurance company subsequently rescinded the policy based on the material misrepresentation. Although in *Martin* the misrepresentation claim focused on statements relating to coverage, because the *Martin* agent was alleged to have *known* of the plaintiff's pre-existing condition and *known* that plaintiff denied it on his application, the misrepresentation necessarily involved the validity of the application as well. Such a misrepresentation is precisely what Barnet accuses Wainman of in this lawsuit.

We note that the Eleventh Circuit Court of Appeals in *Farlow* did not expressly address the problem that if the plaintiff is unable to formulate a claim against the insurance agent for misrepresentation under the civil enforcement provisions of section 502(a) of ERISA,

29 U.S.C. § 1132(a), a finding of pre-emption may shield the agent from any liability and leave the plaintiff without any recourse for the alleged fraudulent or negligent misrepresentation. Although as a general rule preemption is not dependent on the availability of ERISA remedies, several courts have suggested that the rule is not without exceptions. *Compare Pilot Life Ins. Co.*, 481 U.S. at 54, 107 S.Ct. at 1556; *and Lister v. Stark*, 890 F.2d 941, 946 (7th Cir.1989) ("The availability of a federal remedy is not a prerequisite for federal preemption."), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990); *with Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 756 (10th Cir.1991) (promissory estoppel claim by health care provider to recover promised payment from insurance carrier not preempted by ERISA since the claim does not affect the relations among the principal ERISA entities: the employer, the plan, the plan fiduciaries, and the beneficiaries); *Perry v. P*I*E* Nationwide Inc.*, 872 F.2d 157, 162 (6th Cir.1989) (preemption only applies where Congress has provided an adequate remedy), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990); *and Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1215 (8th Cir.) ("If Congress has already provided a remedy for the violation of the ... plans, then once Congress has expressed its intention to occupy the field, the state law is preempted...."), *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). We observe that at least two Courts of Appeals have reached a result similar to the one here, precisely for this reason. *See Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990) ("[W]e are not persuaded that this logic [of preemption] should extend to immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation."); *Perry*, 872 F.2d at 162 (finding that ERISA did not preempt claims of fraud, misrepresentation and promissory estoppel, reasoning that "preemption should apply to a state law claim only if Congress has provided a remedy for the wrong or wrongs asserted").

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (D.E. 37) is GRANTED.

DONE AND ORDERED.