Walter WIESENBERG, Plaintiff,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, Sapoznik Insurance & Associates, Inc., and Rachel Abitbol Sapoznik, Defendants.

No. 94–2244–CIV.

United States District Court, S.D. Florida.

May 19, 1995.

Mark D. Greenberg, Zack, Ponce, Tucker, Korge & Gillespie, P.A., Miami, FL, for plaintiff.

David T. Azrin, Law Office of David T. Azrin, P.A., Miami, FL, for defendants.

## ORDER ON PENDING MOTIONS TO DISMISS AND STRIKE AND ORDER OF REMAND

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant The Paul Revere Life Insurance Company's ("Paul Revere") Motion to Dismiss, Motion to Strike Claim for Attorney's Fees and Motion to Strike Prayer for Jury Trial, filed November 7, 1994, and upon Defendants Sapoznik Insurance and Associates, Inc. and Rachel Abitbol Sapoznik's ("Sapoznik defendants") Motion to Dismiss, Motion to Strike Claim for Attorney's Fees and Motion to Strike Prayer for Jury Trial, also filed November 7, 1995.

### FACTUAL BACKGROUND

Plaintiff Walter Wiesenberg is an employee of Brandsmart U.S.A. In January, 1994, the Sapoznik defendants offered to Brandsmart employees a choice of group disability insurance policies through The Paul Revere Life Insurance Company, including a short-term policy and a long-term policy. Wiesenberg alleges that the Sapoznik defendants specifically stated to him and others that the Paul Revere group disability policies covered pre-existing conditions. Allegedly in reliance upon this representation, Wiesenberg signed up for both the long-term and the short-term policies. Although the effective date of the policies was March 1, 1993, Wiesenberg did not receive copies of the policies until April, 1994.

On March 14, 1993, Wiesenberg suffered a cardiac arrest caused by a pre-existing heart condition, and was thereafter declared dis-

abled. Paul Revere acknowledged Wiesenberg's disability, and paid benefits to him under its short-term policy. However, Paul Revere declined benefits under the long-term policy on the ground that the policy excluded pre-existing conditions.

Thereafter, Wiesenberg instituted this action in state court against Paul Revere and the Sapoznik defendants, asserting claims against Paul Revere for declaratory judgment and breach of oral contract, and against all defendants for fraudulent/negligent misrepresentation. The defendants removed the action to this Court, on the basis that Wiesenberg's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Shortly after removal, the defendants moved to dismiss, and to strike Wiesenberg's prayer for punitive damages and attorney's fees and demand for jury trial, pursuant to ERISA.

### DISCUSSION

### 1. The Reach of ERISA.

ERISA preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court instructs that the phrase "relate to" must be interpreted "under its broad common sense meaning so that a state law 'relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Farlow v. Union Central Life Ins. Co.,* 874 F.2d 791, 793 (11th Cir.1989) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983)). ERISA's preemptive reach is not without limit, however. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.

■ In general, "[a]lthough finer discernments might be made, [cases] which have found preemption of a plaintiff's state law causes of action have at least two identifying characteristics: (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990). Hence, where a participant or beneficiary asserts state law claims against the plan insurer, such claims are generally preempted. *See Swerhun v. Guardian Life Ins. Co.,* 979 F.2d 195, 198 (11th Cir.1992) (Breach of contract claims are preempted by ERISA.); *Farlow v. Union Central Life Ins. Co.,* 874 F.2d 791, 794 (11th Cir.1991) (ERISA preempted state law claims for misrepresentation and negligence asserted against the plan insurer.); *Urbino v. Pan American Life Ins. Co.,* 822 F.Supp. 1556, 1559–60 (S.D.Fla.1993) (State law claims for breach of contract, estoppel, vicarious liability, and declaratory judgment were preempted by ERISA.).

### 2. Paul Revere's Motions to Dismiss and Strike.

■ Paul Revere moves to dismiss the claims against it for failure to state a cause of action upon which relief can be granted. Here, Wiesenberg, a plan participant, asserts state law claims for breach of contract, declaratory judgment, and fraudulent/negligent misrepresentation against Paul Revere, the plan insurer. Wiesenberg concedes that, by this action, he is seeking benefits under an ERISA plan. Under the clear teachings of the Eleventh Circuit, it cannot be gainsaid that Wiesenberg's claims against Paul Revere are preempted by ERISA and, therefore, are subject to dismissal.

Indeed, this same result was reached in the factually similar case of *Farlow v. Union Central Life Ins. Co.,* 874 F.2d 791 (11th Cir.1991). In *Farlow,* a participant in an ERISA plan instituted an action against the plan insurer and an independent agent for negligence and misrepresentation. The independent agent had contacted the plaintiff to solicit a new group health employee term life insurance plan underwritten by the plan insurer. The agent induced the plaintiff to accept the new plan by representing, in essence, that the plan would cover pregnancies.

After the plaintiff's wife became pregnant, the plaintiff learned that the plan did not cover pregnancies. 874 F.2d at 792. The plaintiff in *Farlow* commenced the action in state court, and the plan insurer subsequently removed the case to the federal district court, asserting that ERISA preempted the state law claims. *Id.* Thereafter, the plan insurer moved to strike the state law claims, and the plaintiff's demand for jury trial, on the same basis. The district court granted the motion, and subsequently entered final judgment pursuant to *Fed.R.Civ.P.* 54(b) on its order granting the motion to strike. 874 F.2d at 793. The plaintiff then filed an interlocutory appeal. The Eleventh Circuit held that the state law claims against the plan insurer were preempted, finding that the conduct alleged in the claims was "not only contemporaneous with [the plan insurer's] refusal to pay benefits, but [was also] intertwined with the refusal to pay benefits." 874 F.2d at 794. Hence, the court in *Farlow* concluded that the state law claims were not wholly remote in content from the plan, and affirmed the lower court's striking of those claims. 874 F.2d at 794, 796.

■ Having determined that Wiesenberg's state law claims are preempted by ERISA, the Court further finds that any attempt by Wiesenberg to state a cause of action under ERISA against Paul Revere would be futile. Here, Wiesenberg seeks to recover benefits under the ERISA plan based on the oral representations of the Sapoznik defendants. Such an avenue of relief, however, has been unquestionably foreclosed by the Eleventh Circuit in *Nachwalter v. Christie*, 805 F.2d 956 (11th Cir.1986). In *Nachwalter*, the trustees of two employee benefit plans commenced an action for declaratory judgment regarding the valuation and distribution of benefits under those plans. In that case, the beneficiary sought to benefit from an alleged oral agreement made by the trustees to vary the valuation date of benefits, which date had been expressly provided for in the plans. 805 F.2d at 958. The *Nachwalter* court held that such oral modifications of employee benefit plans are impermissible under ERISA. The court reasoned that, because ERISA

mandates that employee benefit plans be maintained in writing, oral modifications to those plans are precluded, and federal common law "cannot be used to change this result." 805 F.2d at 960. The *Nachwalter* court further reasoned that:

A central policy goal of ERISA is to protect the interests of employees and their beneficiaries in employee benefit plans. This goal would be undermined if we permitted oral modifications of ERISA plans because employees would be unable to rely on these plans if their expected retirement benefits could be radically affected by funds dispersed to other employees pursuant to oral agreements.

*Id.* (citations omitted). In the instant case, permitting Wiesenberg to assert a claim for benefits pursuant to ERISA based on the Sapoznik defendants' oral representations would, in essence, amount to permitting an oral modification of the written plan, in contravention of the Eleventh Circuit's clear holding in *Nachwalter.* Therefore, the Court must dismiss Wiesenberg's claims against Paul Revere with prejudice.[1]

### 3. The Sapoznik Defendants' Motions to Dismiss and Strike.

■ With regard to the Sapoznik defendants' motions, the Court's task is not as clearly guided by Eleventh Circuit precedent. The issue presented by these motions is whether ERISA preempts state law claims against an independent insurance agent for fraudulent or negligent misrepresentations, made in the solicitation of participation in an ERISA plan. The Court's close reading of the *Farlow* opinion reveals that the case does not directly address this particular issue. Although the plaintiff in *Farlow* commenced the action against both the insurer (Union Central) and the independent insurance agent, only the insurer sought to strike the state law claims. Specifically, "On May 2, 1988, Union Central removed the case to the district court.... Union Central simultaneously moved to strike the state law claims and to strike the [plaintiff's] demand for a jury trial." *Farlow*, 874 F.2d at 792. The lower court then "granted Union Central's

1. In light of this determination, the Court deems moot Paul Revere's motion to strike.

motion to strike the state law claims and the jury demand." *Id.* It is not clear, therefore, that the *Farlow* decision applies to the state law claims asserted against the independent insurance agent. Hence, an examination of how other courts have resolved the issue is necessary.

In *Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990), a factually similar case, an independent insurance agent solicited the plaintiff's participation in a group insurance plan offered by a separate insurance company. At the time, the plaintiff's minor daughter suffered from an eye problem that required surgery. The agent assured the plaintiff that the daughter's condition would be covered under the new policy because it would be considered a congenital defect rather than an excludable preexisting condition. On the basis of this representation, the plaintiff terminated his existing insurance coverage, which provided protection for his daughter's condition, and elected to participate in the new plan. After the plaintiff's daughter underwent surgery, plaintiff's request for benefits was denied by the insurance carrier as a preexisting condition excluded from the plan's coverage. 898 F.2d at 472.

The Court in *Perkins* stated that it was "not persuaded that [the ERISA preemption] logic should extend to immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation." *Id.* at 473. The *Perkins* court went on to conclude that "a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, 'relates to' that plan only indirectly. A state law claim of that genre, which does not affect the principal ERISA entities ... as such, is not preempted by ERISA." *Id.* The Court finds the reasoning of *Perkins* highly persuasive.

In *Barnet v. Wainman*, 830 F.Supp. 610 (S.D.Fla.1993) (Marcus, J.), the plaintiff, a participant in an ERISA plan, commenced an action against an independent insurance agent for fraudulent and negligent misrepresentations. The court, there, held that the state law claim asserted against the agent was not preempted by ERISA. The court reasoned that "a finding of preemption would leave the Plaintiff without the ability to formulate a claim against [the agent], as we cannot readily discern any vehicle under ERISA for pleading a tort claim against an insurance agent." *Id.* at 611. The *Barnet* court cited to other courts that have suggested similar conclusions; i.e., that preemption only applies where an adequate remedy has been provided. *Id.* at 613. The Court agrees with the *Barnet* rationale, and that of the cases cited therein.[2]

Further, in support of finding no ERISA preemption as to the Sapoznik defendants, the Court notes that the state law claim at issue here does not affect the principal ERISA entities, as such. The claim is merely between an ERISA participant and a non-ERISA third party. The Eleventh Circuit has found no preemption under circumstances where a claim does not affect the relations among the principal ERISA entities. *See Lordmann Enters., Inc. v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir.1994) (citing with approval *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990) (Claim by health provider against plan insurer for negligent misrepresentation not preempted.). Other courts have also found no preemption in similar circumstances. *See, e.g., Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.*, 944 F.2d 752, 756 (10th Cir.1991) (Health care provider's claim for promissory estoppel not preempted.).

Accordingly, based upon the foregoing considerations, the Court shall deny the Sapoznik defendants' motions on the ground that ERISA does not preempt the state law claim against them.

## CONCLUSION

Having dismissed the ERISA-preempted claims, the Court declines to exercise supple-

---

**2.** In *Barnet,* the court declined to apply *Farlow* on the basis that it was factually distinguishable from the case before it. Thus, *Barnet* appears to have extended the *Farlow* holding to state law claims against agents. As previously discussed, however, the undersigned does not find the *Farlow* opinion to be squarely applicable to this issue.

mental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claim. Therefore, Wiesenberg's state law claim for fraudulent/negligent misrepresentation against the Sapoznik defendants shall be remanded to state court pursuant to 28 U.S.C. § 1447(c), and the Court need not reach the merits of that claim. Accordingly, it is

ORDERED AND ADJUDGED that:

1. Defendant The Paul Revere Insurance Company's motion to dismiss is GRANTED, and its motion to strike is DENIED AS MOOT. Plaintiff's state law claims against Defendant Paul Revere are hereby DISMISSED WITH PREJUDICE.

2. Defendants Sapoznik Insurance and Associates, Inc. and Rachel Abitbol Sapoznik's motions to dismiss and strike are DENIED.

3. This cause is hereby REMANDED to state court for all further proceedings.

DONE AND ORDERED.