United States Court of Appeals,

Eleventh Circuit.

No. 94-9152.

Margery A. MORSTEIN, Plaintiff-Appellant,

v.

NATIONAL INSURANCE SERVICES, INC.; Pan American Life Insurance
Company; The Shaw Agency; Scott Hankins, Defendants-Appellees.

Feb. 12, 1996.

Appeal from the United States District Court for the Northern
District of Georgia. (No. 1:92-cv-2686-RLV), Robert L. Vining,
Jr., District Judge.

Before KRAVITCH and BIRCH, Circuit Judges, and GOODWIN[*], Senior
Circuit Judge.

BIRCH, Circuit Judge:

This appeal focuses upon the preemption doctrine under the
Employee Retirement Income Security Act of 1974 ("ERISA"). 29
U.S.C. §§ 1001-1461 (1985). The district court found that
Morstein's state law claims related to the employee benefit plan
established by her employer and, therefore, those claims were
preempted by ERISA. We affirm the decision of the district court.

I. BACKGROUND

Plaintiff-appellant, Margery Morstein, is the president,
director, and sole shareholder of Graphic Promotions, Inc.
("Graphic"). At all times relevant to this appeal, Morstein was
also one of two employees of Graphic. In 1991, Morstein met with
Scott Hankins, an insurance broker and employee of the Shaw Agency,
for the purpose of obtaining a replacement policy of major medical

[*]Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for
the Ninth Circuit, sitting by designation.

insurance for herself and Graphic's other employee. The policy was to be administered by National Insurance Services, Inc. ("National") and underwritten by Pan-American Life Insurance Company.[1] Morstein alleges that during her meeting with Hankins, she advised him that any policy of major medical insurance that would replace her current policy would be unacceptable if it excluded from coverage medical treatment related to any preexisting medical condition. Morstein asserts that Hankins assured her that the policy that he proposed would provide the same coverage for preexisting conditions as her current policy. The policy offered by Hankins was issued to Graphic, and Graphic paid the initial premium.

Over one year after the policy was issued, Morstein had surgery involving a total hip replacement. When she submitted a claim for payment for this procedure, National refused payment because it asserted that Morstein's surgery involved a preexisting condition, which she failed to disclose during the application process. National then rescinded the policy and refunded the premium payments to Graphic that were made on behalf of Morstein. Because she claims that Hankins and the Shaw Agency fraudulently induced her to purchase a policy of major medical insurance, Morstein allowed a separate full-coverage insurance policy to lapse. In doing so, she further alleges that Hankins and the Shaw Agency were negligent in processing her application for insurance and that she has state law claims against them for negligence and

[1]Morstein voluntarily dismissed National Insurance Services and Pan-American Life Insurance Company before the commencement of this appeal, although defendants in the original action.

fraud.

Morstein filed an action in state court, alleging negligence, malfeasance, misrepresentations, and breach of contract. Defendants removed the action to federal court on the basis that Morstein's claims constituted an ERISA action. The district court denied Morstein's motion to remand and found that defendants were entitled to summary judgment as to the state law claims against them. The district court concluded that Morstein's claims "clearly relate to the employee benefit plan established by Graphic Promotions; therefore, those claims are preempted by ERISA." R2-29-3. Morstein now appeals the district court's grant of summary judgment. We review a grant of summary judgment *de novo. Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402, 1404 (11th Cir.1994) (citing *RJR Nabisco, Inc. v. United States,* 955 F.2d 1457, 1459 (11th Cir.1992)), *cert. denied,* --- U.S. ----, 115 S.Ct. 906, 130 L.Ed.2d 788 (1995).

## II. DISCUSSION

Morstein alleges that the district court erred in applying the preemption doctrine under ERISA to bar her state law claims. Section 1144(a) of ERISA provides that its provisions "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a)...." 29 U.S.C. § 1144(a) (1985) (emphasis added). A state law "relates to" an employee benefit plan if the law "has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-

97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). The Supreme Court has endorsed a broad interpretation of the phrase "relate to" that extends to preempt certain state law tort and contract actions brought by employees. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47-48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The Supreme Court does acknowledge some limits to ERISA preemption: "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law "relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21 (citation omitted).

In determining whether Morstein's state law claims against Hankins and the Shaw Agency are related to Graphic's employee benefit plan, we must examine our circuit precedent in this area. The facts of the case before us are analogous to those in *Farlow v. Union Cent. Life Ins. Co.,* 874 F.2d 791 (11th Cir.1989). In *Farlow,* plaintiff was a shareholder, president, and member of the board of directors of Pace-Plus, Inc. Farlow and his wife were designated beneficiaries under Pace-Plus's employee benefit plan. The Farlows alleged that an insurance agent induced them to purchase a new group health life insurance plan, and that the insurance agent fraudulently misrepresented that, among other things, the new policy would provide the same coverage as the company's old policy. *Id.* at 792. After switching to the new policy, Farlow's wife became pregnant. The Farlows then discovered that, unlike Pace-Plus's old policy, the new policy did not provide maternity or pregnancy coverage. *Id.*

Our court found the conduct alleged by the Farlows to be

"intertwined" with the refusal to pay benefits:

> [T]he conduct alleged in these claims is not only contemporaneous with [the insurer's] refusal to pay benefits, but the alleged conduct is intertwined with the refusal to pay benefits. Finding the Farlows' state law claims not wholly remote in content from the [insurer] plan, we reject the Farlows' contention that simply because their claims invoke misconduct in the sale and implementation of the [insurer's] plan, their claims do not relate to the plan.

> Consequently, we hold that ERISA preempts the Farlows' misrepresentation and negligence claims.

*Farlow,* 874 F.2d at 794.[2] The facts in the case before us are quite similar to those in *Farlow.* As in *Farlow,* Morstein claims the insurance agent made a fraudulent misrepresentation regarding the coverage provided by the new policy. Like Farlow, Morstein claims that her state law causes of action are not preempted by ERISA because they are not related to the plan. We are bound by the precedent set by this court in *Farlow* and other cases in this circuit and hold that Morstein's state law claims are preempted by ERISA.[3]

---

[2]Our recent holding in *Variety Children's Hosp. v. Century Medical Health Plan, Inc.,* 57 F.3d 1040, 1042 (11th Cir.1995), reiterated that state law fraud claims can be intertwined with benefit plans:

> We agree with the Fifth Circuit's analysis in *Hermann Hosp. v. MEBA Medical and Benefits Plan,* 959 F.2d 569, 578 (5th Cir.1992), that where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system. Therefore, Counts II and III were correctly dismissed as preempted.

[3]The writer continues to be concerned about the law of this circuit by which this panel is bound. This case presents yet another example of an employee left without a remedy because of ERISA's broad preemption. *See Sanson v. General Motors,* 966 F.2d 618, 623 (11th Cir.1992) (Birch, J., dissenting), *cert. denied,* --- U.S. ----, 113 S.Ct. 1578, 123 L.Ed.2d 146 (1993). I continue to express my regret that the reach of ERISA preemption too often

Morstein attempts to distinguish *Farlow* by arguing that, unlike the insurance agent in that case, Hankins was acting as Morstein's agent, not the agent of the Shaw Agency. Thus, she argues that, "[i]t defies credibility to suggest that an agent of a plan beneficiary, whose duties effectively terminate upon the establishment of a "plan,' is insulated by ERISA from liability

undermines the stated purpose of the Act: to protect employees and beneficiaries of employee benefit plans. 29 U.S.C. § 1001 (1985). This is an issue that I hope will be revisited by our circuit soon.

I note that some district courts in our circuit have attempted to distinguish *Farlow* and provide a remedy for the plaintiffs before them. *See Wiesenberg v. Paul Revere Life Ins. Co.,* 887 F.Supp. 1529, 1532-33 (S.D.Fla.1995); *Barnet v. Wainman,* 830 F.Supp. 610, 613 (S.D.Fla.1993); *Martin v. Pate,* 749 F.Supp. 242, 246-47 (S.D.Ala.1990), *aff'd sub. nom Martin v. Continental Investors,* 934 F.2d 1265 (11th Cir.1991). Other circuits have found ways to stay the preemption tide in cases similar to the one before us. *See Perkins v. Time Ins. Co.,* 898 F.2d 470, 473 (5th Cir.1990) (concluding that "a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, "relates to' that plan only indirectly" and "does not affect the relations among the ERISA entities" and thus is not preempted by ERISA); *Perry v. P*I*E Nationwide, Inc.,* 872 F.2d 157, 162 (6th Cir.1989) (reasoning that preemption applies "to a state law claim only if Congress has provided a remedy for the wrong or wrongs asserted"), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990).

We acknowledge that our circuit has placed some limits on the preemption doctrine when there is no nexus between the state law claim and an ERISA covered plan. *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1244 (11th Cir.1989). We also recently held that ERISA preemption does not bar a state law claim of negligent misrepresentation brought by a health care provider against an insurer. *Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1534 (11th Cir.1994) (reasoning that there is no preemption because "ERISA does not provide a cause of action for aggrieved health care providers that treat ERISA participants"), *cert. denied,* --- U.S. ----, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995).

resulting from his malfeasance in performing duties for the benefit of the beneficiary."  Appellant's Brief at 9.  We do not find that the relationship between Hankins and Morstein differs from the relationship between the insurance agent and the plaintiff in *Farlow.*[4]

Bound together with Morstein's agency argument is her contention that Hankins and the Shaw Agency are not each a "party in interest" and therefore are not governed by ERISA.  29 U.S.C. § 1002(14) (Supp.1995).  While intriguing, this argument does not hold any weight under the facts before us.  In *Farlow* we looked not to the relationship between the parties but to the relationship between the alleged conduct and the refusal to pay benefits.  If the actions of a party, regardless of his "interest" in the plan, are intertwined with the refusal to pay benefits, then the action is related to the plan, and thus, it is preempted.

Morstein also argues that *Forbus,* supports her argument that her state law claims are not preempted.  *Forbus,* however, is distinguishable from this case.  In *Forbus,* we found no preemption because the plaintiffs' claims centered on alleged fraud by Sears concerning the elimination of plaintiffs' jobs, not fraud relating to the amount or availability of pension benefits to the plaintiffs.  *Forbus,* 30 F.3d at 1406.  Here, Morstein's fraud

---

[4]We note that this circuit has held that ERISA preemption extends to claims against an insurance agency or broker, such as the Shaw Agency, as well as an insurance company that issues the policy.  *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277, 281 (11th Cir.1987) (claims by parents who where beneficiaries of an insurance program provided by their employers, for medical and surgical benefits and for bad faith and fraud by the insurer were "related to" the employee benefit plan and therefore preempted by ERISA).

allegations related to the availability of benefits for a preexisting medical condition.

### III. CONCLUSION

Morstein challenges the district court's conclusion that her state law claims against Hankins and the Shaw Agency are preempted by ERISA. We conclude that we are bound by the precedent established by this circuit in *Farlow* and its progeny. Accordingly, the district court's grant of summary judgement is AFFIRMED.

GOODWIN, Circuit Judge, Specially Concurring:

The application of ERISA preemption in removed cases arising out of insurance twisting, common law fraud in the inducement, or other illegal selling practices is not consistent in this circuit, or between circuits. I concur only because *Farlow v. Union Central Life Ins. Co.,* 874 F.2d 791 (11th Cir.1989) appears to bind this court to a rule that need not be cast in concrete, if it is wrong.

In *Farlow,* the plaintiffs alleged that the defendant insurance agent wrongfully induced them to switch to a new insurance policy by false representations that the new policy he was selling would provide the same coverage as the old policy being replaced. The new policy did not, however, provide pregnancy and maternity coverage, which Mrs. Farlow learned to her dismay after she became pregnant. The Eleventh Circuit held that ERISA preempted the Farlows' claims:

> [A] state law cause of action "relates to" an employee benefit plan if the employer's conduct giving rise to such claim was not "wholly remote in content" from the benefit plan....

> The Farlows' complaint alleges that [the insurance agent]

negligently failed to disclose that the Union Central plan did not provide maternity and pregnancy coverage and fraudulently misrepresented that the Union Central plan's coverage was coextensive with [the] former plan's coverage. [The] conduct alleged in these claims is not only contemporaneous with Union Central's failure to pay benefits, but the alleged conduct is intertwined with the refusal to pay benefits. Finding the Farlows' state law claims not wholly remote in content from the Union Central plan, we reject the Farlows' contention that simply because their claims involve misconduct in the sale and implementation of the Union Central plan, their claims do not relate to the plan.

874 F.2d at 794.

The Fifth Circuit, a year later, announced a different rule. *Perkins v. Time Ins. Co.,* 898 F.2d 470 (5th Cir.1990). In *Perkins,* as in *Farlow,* the plaintiff alleged that he was fraudulently induced by the defendant insurance agent into surrendering coverage under an existing policy in order to participate in an ERISA plan that did not provide as broad coverage as the old. The insurance agent told the plaintiff that his daughter's eye conditions, which required surgery, would be covered under the new policy rather than excluded as a preexisting condition. That representation was false, and when the plaintiff's claim for benefits for his daughter's eye surgery was denied, he sued the agent for fraud. The Fifth Circuit held that ERISA did not preempt the claim:

Giving the ERISA "relates to" preemption standard its common-sense meaning, we conclude that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, "relates to" that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA.

*Farlow,* 898 F.2d at 473 (citations omitted).

The obvious tension between the Eleventh Circuit's holding in *Farlow* and the Fifth Circuit's holding in *Perkins* has affected the

district courts. *See, Martin v. Pate,* 749 F.Supp. 242 (S.D.Ala.1990), *aff'd without op. sub nom. Martin v. Continental Investors,* 934 F.2d 1265 (11th Cir.1991). There, a district judge, after reading *Perkins,* gave *Farlow* a narrow interpretation and found no ERISA preemption in a fraud in the inducement case "quite similar" to *Farlow. Martin,* 749 F.Supp. at 246. As noted, we affirmed, but without opinion, creating a covert intra-circuit conflict in our own doctrine.

In *Martin,* the plaintiff sued an insurance agent for fraud in the inducement, alleging that the agent knew or should have known of the plaintiff's preexisting heart condition, and that despite such knowledge the agent represented that the new insurance policy would cover the condition. The insurance company refused to pay benefits because of plaintiff's failure to disclose the condition.

Noting with approval the Fifth Circuit's decision in *Perkins,* the district court reasoned that application of state fraud law would not result in regulation of an ERISA plan: "What will be regulated is conduct on the part of defendants, engaged in prior to the time plaintiff became a beneficiary under the plan, i.e., representations made to induce plaintiff to enroll under the plan." *Id.* The district court admitted that it was "cognizant" of *Farlow,* then proceeded to criticize *Farlow* for relying on a case that was not, in the district court's opinion, authority for finding preemption in fraud in the inducement cases. *Id.* at 247.

As a visiting judge from still a third circuit, one is diffident about characterizing the conflict between *Farlow* and *Martin* as a hazard to navigation for the district courts of this

circuit.  But compare  *Beal v. Jefferson-Pilot Life Insurance Company,* 798 F.Supp. 673 (S.D.Ala.1992) with *Barnet v. Wainman,* 830 F.Supp. 610 (S.D.Fla.1993).

In *Beal,* the plaintiff exercised a retirement option to convert his ERISA group employee benefit plan to an individual policy.  The ERISA group plan contained language to the effect that coverage would be similar after conversion to the individual policy.  The plaintiff suffered a heart attack, and learned to his financial chagrin that many medical expenses were not covered by his new policy.  In his lawsuit, the plaintiff claimed that he had been fraudulently induced to purchase the new policy, and that, but for the fraud, he would have recovered benefits under the old policy.  Holding the plaintiff's claim preempted by ERISA, the district court followed *Farlow* and distinguished *Martin.*

In *Barnet,* the plaintiff alleged that an insurance agent fraudulently and negligently advised him that his failure to reveal certain preexisting medical conditions on an application for a health insurance policy would not affect his coverage under the policy.  When he applied for benefits, his application was disallowed and his insurance rescinded on account of his failure to disclose his preexisting condition.  Holding that the plaintiff's claim was not preempted by ERISA, the district court distinguished *Farlow* and followed *Martin.*

Given the demonstrated difficulty faced by the district courts, and the real possibility that *Perkins* is more consistent than *Farlow* with federalism, state anti-twisting statutes, and the intent to benefit workers which underlies the ERISA scheme, it may

be timely and appropriate to suggest an en banc review of the preemption matter. There is no apparent sign that ERISA filings are declining in the district courts, and it is not impertinent to suggest that clear direction from the Circuit is in order.