GOODWIN, Circuit Judge,
Specially Concurring:
The application of ERISA preemption in removed eases arising out of insurance twisting, common law fraud in the inducement, or other illegal selling practices is not consistent in this circuit, or between circuits. I concur only because Farlow v. Union Central Life Ins. Co., 874 F.2d 791 (11th Cir.1989) appears to bind this court to a rule that need not be cast in concrete, if it is wrong.
In Farlow, the plaintiffs alleged that the defendant insurance agent wrongfully induced them to switch to a new insurance policy by false representations that the new policy he was selling would provide the same coverage as the old policy being replaced. The new policy did not, however, provide pregnancy and maternity coverage, which Mrs. Farlow learned to her dismay after she became pregnant. The Eleventh Circuit held that ERISA preempted the Farlows’ claims:
[A] state law cause of action “relates to” an employee benefit plan if the employer’s conduct giving rise to such claim was not “wholly remote in content” from the benefit plan....
The Farlows’ complaint alleges that [the insurance agent] negligently failed to disclose that the Union Central plan did not provide maternity and pregnancy coverage and fraudulently misrepresented that the Union Central plan’s coverage was coextensive with [the] former plan’s coverage. [The] conduct alleged in these claims is not only contemporaneous with Union Central’s failure to pay benefits, but the alleged conduct is intertwined with the refusal to pay benefits. Finding the Far-lows’ state law claims not wholly remote in content from the Union Central plan, we reject the Farlows’ contention that simply because their claims involve misconduct in the sale and implementation of the Union Central plan, their claims do not relate to the plan.
874 F.2d at 794.
The Fifth Circuit, a year later, announced a different rule. Perkins v. Time Ins. Co., 898 F.2d 470 (5th Cir.1990). In Perkins, as in Farlow, the plaintiff alleged that he was fraudulently induced by the defendant insurance agent into surrendering coverage under an existing policy in order to participate in an ERISA plan that did not provide as broad coverage as the old. The insurance agent told the plaintiff that his daughter’s eye conditions, which required surgery, would be covered under the new policy rather than excluded as a preexisting condition. That representation was false, and when the plaintiffs claim for benefits for his daughter’s eye surgery was denied, he sued the agent for fraud. The Fifth Circuit held that ERISA did not preempt the claim:
Giving the ERISA “relates to” preemption standard its common-sense meaning, we conclude that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, “relates to” that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA.
Perkins, 898 F.2d at 473 (citations omitted).
The obvious tension between the Eleventh Circuit’s holding in Farlow and the Fifth Circuit’s holding in Perkins has affected the district courts. See, Martin v. Pate, 749 F.Supp. 242 (S.D.Ala.1990), aff'd without op. sub nom. Martin v. Continental Investors, 934 F.2d 1265 (11th Cir.1991). There, a district judge, after reading Perkins, gave Farlow a narrow interpretation and found no ERISA preemption in a fraud in the inducement ease “quite similar” to Farlow. Martin, 749 F.Supp. at 246. As noted, we affirmed, but without opinion, creating a covert intra-circuit conflict in our own doctrine.
In Martin, the plaintiff sued an insurance agent for fraud in the inducement, alleging that the agent knew or should have known of *1140 the plaintiff’s preexisting heart condition, and that despite such knowledge the agent represented that the new insurance policy would cover the condition. The insurance company refused to pay benefits because of plaintiffs failure to disclose the condition.
Noting with approval the Fifth Circuit’s decision in Perkins, the district court reasoned that application of state fraud law would not result in regulation of an ERISA plan: “What will be regulated is conduct on the part of defendants, engaged in prior to the time plaintiff became a beneficiary under the plan, i.e., representations made to induce plaintiff to enroll under the plan.” Id. The district court admitted that it was “cognizant” of Farlow, then proceeded to criticize Farlow for relying on a case that was not, in the district court’s opinion, authority for finding preemption in fraud in the inducement cases. Id. at 247.
As a visiting judge from still a third circuit, one is diffident about characterizing the conflict between Farlow and Martin as a hazard to navigation for the district courts of this circuit. But compare Beal v. Jefferson-Pilot Life Insurance Company, 798 F.Supp. 673 (S.D.Ala.1992) with Barnet v. Wainman, 830 F.Supp. 610 (S.D.Fla.1993).
In Beal, the plaintiff exercised a retirement option to convert his ERISA group employee benefit plan to an individual policy. The ERISA group plan contained language to the effect that coverage would be similar after conversion to the individual policy. The plaintiff suffered a heart attack, and learned to his financial chagrin that many medical expenses were not covered by his new policy. In his lawsuit, the plaintiff claimed that he had been fraudulently induced to purchase the new policy, and that, but for the fraud, he would have recovered benefits under the old policy. Holding the plaintiffs claim preempted by ERISA, the district court followed Farlow and distinguished Martin.
In Barnet, the plaintiff alleged that an insurance agent fraudulently and negligently advised him that his failure to reveal certain preexisting medical conditions on an application for a health insurance policy would not affect his coverage under the policy. When he applied for benefits, his application was disallowed and his insurance rescinded on account of his failure to disclose his preexisting condition. Holding that the plaintiffs claim was not preempted by ERISA, the district court distinguished Farlow and followed Martin.
Given the demonstrated difficulty faced by the district courts, and the real possibility that Perkins is more consistent than Farlow with federalism, state anti-twisting statutes, and the intent to benefit workers which underlies the ERISA scheme, it may be timely and appropriate to suggest an en banc review of the preemption matter. There is no apparent sign that ERISA filings are declining in the district courts, and it is not impertinent to suggest that clear direction from the Circuit is in order.